**UNITED STATES of America,**

v.

**Angelo RUGGIERO, et al., Defendants,**

**John Carneglia and Gene Gotti, Movants.**

**No. 83 CR 412(S).**

United States District Court,
E.D. New York.

April 19, 1994.

Zachary Carter, U.S. Atty. by Robert La-Russo, David James, Asst. U.S. Attys., Brooklyn, NY, for plaintiff.

Thomas F. Liotti, Liotti & Skelos, Garden City, NY, for defendants.

### MEMORANDUM AND ORDER

BARTELS, District Judge.

Five years after trial and three years after the Court of Appeals affirmed their conviction, defendants Gene Gotti and John Carneglia are before the court seeking the disclosure of the names and addresses of the anonymous jurors that served in their May 1989 trial. Defendants appear to be beating a dead horse. For reasons more fully explained herein, the application is denied.

### PROCEDURAL HISTORY

The facts of this case are set out in detail in *United States v. Ruggiero*, 928 F.2d 1289 (2d Cir.1991), and are repeated herein only to the extent necessary for resolution of defendants' present application. Gotti and Carneglia were initially indicted in 1983. Two trials of the defendants before this court resulted in mistrials, one following charges of jury tampering.

At the conclusion of a third trial in May 1989, both defendants were convicted of racketeering conspiracy, narcotics conspiracy, traveling in interstate commerce to promote and facilitate the conduct of a narcotics business enterprise, and possession of heroin with intent to distribute. An anonymous jury served in the third trial.

During deliberations, Juror #9 advised the court that he had been approached outside of his home by two strangers who stated only that they knew that he was serving on the Gotti trial, and nothing more. He did not know how the strangers discovered his address. The juror was interviewed by the court several times and finally stated that he

could not render an impartial verdict because his vote was motivated by fear. Pursuant to Federal Rule of Criminal Procedure 23(b), the court dismissed Juror # 9 over defendants' objection.

Shortly following the dismissal ·of Juror # 9, the remaining eleven jurors informed the court they had reached a verdict. The court sent the jurors back to continue deliberations and specifically instructed them to set aside anything they had heard from, or discussed with, Juror # 9. Several hours later, the eleven-person jury came back with guilty verdicts against both defendants. At the request of the government, the court asked the jurors the following three questions: (1) Was your verdict based upon the evidence and no other reason? (2) Did anything that Juror #9 said to you during deliberations affect your verdict in any way? (3) Did Juror # 9's dismissal affect your verdict in any way? Each juror answered "yes" to the first question and "no" to the second and third questions.

Gotti and Carneglia were each sentenced to consecutive prison terms totalling 50 years.[1] The convictions were affirmed on March 22, 1991 by the Court of Appeals. *United States v. Ruggiero*, 928 F.2d 1289 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991).

## THE PRESENT APPLICATION

Three years later, defendants bring this motion seeking the disclosure of the names and addresses of the jurors that served during their trial. Defendants claim that newly discovered evidence entitles them to an opportunity to question the jurors about their ability to be impartial following the dismissal of Juror # 9.

The new evidence offered by defendants includes an audio tape of a private interview on August 8, 1989 with Juror # 9 by Gerald

L. Shargel, Esq., Carneglia's trial counsel. The interview, which took place only three months after the verdict, was not authorized by the court. On the Shargel tape[2], Juror # 9 states that the entire jury knew about the two previous mistrials and discussed the earlier jury tampering.

In further support of their application, defendants also offer hearsay evidence in the form of newspaper reports on October 31, 1991 and March 11, 1994 indicating that Carmine Agnello, Gene Gotti's nephew, paid Juror # 9 a bribe of $25,000 during the course of the trial in this case to vote for acquittal.[3]

## DISCUSSION

■ Under certain circumstances, the court may permit post-trial investigation of jurors to assess the validity of a verdict. *See, e.g., United States v. Radonjich,* 1 F.3d 117 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 897, 127 L.Ed.2d 89 (1994). However, courts are reluctant to "haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct or extraneous influences." *United States v. Ianniello,* 866 F.2d 540, 543 (2d Cir.1989), quoting *United States v. Moon,* 718 F.2d 1210, 1234 (2d Cir.1983), *cert. denied,* 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984). Post-trial jury hearings should be "avoided whenever possible." *Id.*

■ In this case, defendants are not entitled to a hearing to explore the impartiality of the jury for several reasons. First and foremost, the issue of prejudice to the jurors was previously raised and rejected on direct appeal. After the verdicts were rendered, the jurors were questioned as to their impartiality, and each responded that they were not affected by events relating to Juror # 9. The Second Circuit subsequently held that there was no error in this court's handling of

1. Defendants were sentenced under the scheme in effect on the date of the crimes for which they were convicted, which included the parole system.

2. In connection with the present application, the court has listened to the entire tape, which was marked Defendants' Exhibit A at the hearing on April 13, 1994.

3. Although this information consists solely of hearsay, the court is proceeding on the assumption that defendants could produce admissible evidence to demonstrate that Juror # 9 was offered and received a bribe.

the situation regarding the impact of the dismissal of Juror # 9 on the jury's deliberations. 928 F.2d at 1300–1302. These issues are now *res judicata*.

Further, defendants' proffer of "new evidence" is both irrelevant and untimely. The bribe of Juror # 9 was not known to the other jurors when they rendered their verdict. Consequently, evidence of the bribe has no bearing on whether the jurors rendered an impartial verdict. Defendants position that the court should go back five years and decide what would have been done under a different scenario than actually existed at the time is without support in the facts or the law.

In addition, the taped conversation with Juror # 9 was in Shargel's possession at the time of defendants' direct appeal, yet defendants failed to present this evidence to the Court of Appeals or to seek a remand to the district court. Further, the time to move for a new trial based on this evidence has long passed. *See* Federal Rule of Criminal Procedure 33 ("A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment. . . .")

Finally, there is another important reason for denying this motion. The jurors in this case were told that their names and addresses would not be given out, and they agreed to serve on condition of anonymity. There is no reason to breach this understanding five years later. Members of the community who devoted more than six weeks of their time to jury service have the right to be left in peace and not to be disturbed by belated objections of defendants or their attorneys. Jurors are under no obligation to answer questions by defense attorneys for defendants even when they have not served on an anonymous jury.

Moreover, pursuant to Federal Rule of Evidence ["F.R.E."] 606(b), the deliberations of the jury are secret. Although a "juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror", *see* F.R.E. 606(b), the court is satisfied that the three questions asked of the jurors immediately following the verdict adequately addressed this concern.

The court has considered the other arguments submitted by defendants and finds them to be without merit. Accordingly, defendants' motion is DENIED in its entirety.

SO ORDERED.